## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAYNEEDLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV436 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| J.C. PENNEY COMPANY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion to Modify Protective Order (Filing No. 107) and Motion for Rule 26(c) Protective Order (Filing No. 110). The defendants filed briefs (Filing Nos. 108 and 111) and indices of evidence (Filing Nos. 109 and 112) in support of the motions. The plaintiff filed briefs (Filing Nos. 116 and 118) and indices of evidence (Filing Nos. 117 and 119) in opposition to the motions.

## BACKGROUND

The plaintiff filed the instant action on November 18, 2010, alleging trademark infringement under both the Lanham Act and Nebraska common law (Count I), unfair competition under 15 U.S.C. § 1125(a) and Nebraska common law (Count II), and a violation of Nebraska's Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 to 87-306 (Count III), and requesting declaratory relief related to each of the first three counts (Counts IV - VI). **See** Filing No. 1. The factual basis for the plaintiff's allegations surround the plaintiff's previous use of "The Foundary" for "on-line retail store services featuring home decor sold to members on a limited time sales event basis." *Id.* ¶¶ 17-21. In early November 2010, the defendants filed trademark applications to use "The Foundry," "The Foundry Supply Co.," and "The Foundry Big & Tall Supply Co." as logos or words on items for commercial sale such as clothing, sunglasses, shoes, and household goods, among other things. *Id.* ¶¶ 22-30. In the applications, the defendants noted their intent to use the logos on retail department store services, retail mail order catalog services, and computerized online retail department store services. *Id.* ¶ 26. On June 23, 2011, the

plaintiff filed a supplemental complaint to allege facts which occurred since the filing of the original complaint, but which did not change the substance of the plaintiff's original claims. **See** Filing No. 92.

On March 3, 2011, the court held an evidentiary hearing regarding the plaintiff's motion for preliminary injunction. On March 16, 2011, the court entered an order granting, in part, a preliminary injunction. **See** Filing No. 56. The court modified the preliminary injunction on May 20, 2011. **See** Filing No. 86. The preliminary injunction order is currently the subject of an interlocutory appeal. Nevertheless, this matter is scheduled for trial in June, 2012. **See** Filing No. 101.

The parties' current dispute relates to a protective order entered by the court after a joint request from the parties. **See** Filing No. 43 - Joint Motion. On February 23, 2011, the court entered a protective order shielding confidential information from disclosure to third parties by providing two levels of confidentiality for production - "confidential" and "highly confidential." **See** Filing No. 49 - Protective Order. The defendants now seek to modify the protective order to create a third level of confidentiality - "attorney's eyes only." **See** Filing No. 108 - Brief p. 2. The defendants argue the timing of the original protective order rendered the need for a third level of protection unnecessary. *Id.* The parties stipulated to the original protective order shortly before the hearing on preliminary injunction. By contrast, the parties are now engaging in a broad range of discovery to include technical, financial, and other sensitive business information, such as customer lists, disclosure of which would expose the defendants to competitive harm. *Id.* The defendants argue that allowing for the third level of protection is a cost-effective and practical way to protect the parties' interests. *Id.* at 4. Additionally, the parties would retain the ability to challenge any designation level under the terms of the protective order. *Id.* In a related motion, the defendants seek protection for production of documents in response to a discovery request, as "attorneys eyes only," until the court resolves the motion to modify the February 23, 2011, protective order. **See** Filing No. 110 - Motion; Filing No. 111 - Brief p. 5-6. The defendants argue the documents sought include "certain detailed business and financial information, customer lists, and other similarly sensitive

information," the production of which, without the requested protection, would "cause harm" to the defendants.  **See** Filing No. 111 - Brief p. 5-6.

The plaintiff argues the current protective order sufficiently shields the defendants' confidential information from improper use or disclosure.  **See** Filing No. 116 - Response p. 1-2.  Additionally, the plaintiff argues the defendants fail to show production under the current protective order would cause a clearly defined and very serious injury to business interests.  *Id.* at 2-5.  The plaintiff contends modification of the protective order as requested would unfairly prejudice the plaintiff who would have less protection from the protective order than the defendants because a greater number of people (i.e., attorneys and staff) would have access to the plaintiff's production by virtue of the requested modification to the protective order.  *Id.* at 5–6.  By contrast, the plaintiff does not employ in-house counsel, as do the defendants, subjecting the defendants' production to a much smaller subset of viewers.  *Id.*  Moreover, the plaintiff would have to hire a consultant to work with the plaintiff's counsel to review the defendants' "attorney's eyes only" production. *Id.* at 6.  Finally, the plaintiff contends the specific documents at issue - those sought in a request for production - do not warrant "attorney's eyes only" protection.  **See** Filing No. 118 - Response p. 3-4.  More specifically, the plaintiff seeks:  business plans, marketing plans, projections regarding sales, actual or potential product offerings, business expansion and marketing strategies; all training manuals and employee handbooks used in connection with such training; and internal communications, communications between J.C. Penney and any supplier, and communications received from any consumers via mail, e-mail, posting on social media websites or otherwise, which refer to The Foundry Big & Tall Supply Co. as simply "The Foundry" or "Foundry".  *Id.* (referencing Request for Production Nos. 4, 10, and 18).

The defendants' motion for a protective order also sought protection from interrogatories served by the plaintiff. **See** Filing No. 111 - Brief p. 3-5.  The defendants argued the number of interrogatories exceeded the court's limitation due to an impermissible number of subparts.  *Id.*  The defendants stated they are entitled to a full thirty days to respond to a newly served set of interrogatories, upon resolution of their motion.  *Id.* at 4-5.  In response, on August 26, 2011, the plaintiff served an amended set

of interrogatories, expressly withdrawing and replacing the original set.  **See** Filing No. 118 - Response p. 1-2.  Accordingly, the portion of the defendants' motion for a protective order related to interrogatories is moot.

## ANALYSIS

An order protecting disclosure or discovery is granted only upon a showing of good cause, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  **See** Fed. R. Civ. P. 26(c)(1)(G).  When determining the level of protection to afford particular information a court "must be guided by the liberal federal principles favoring disclosure, keeping in mind the need to safeguard confidential information transmitted within the discovery process from disclosures harmful to business interests." ***BASF Corp. v. United States***, 321 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2004) (citation omitted). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." ***Seattle Times Co. v. Rhinehart***, 467 U.S. 20, 36 (1984); ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 362 (8th Cir. 2003).

> Where parties to a lawsuit are commercial competitors, . . . the court must balance the risk to the moving party of inadvertent disclosure against the risk that the protective order will impair the prosecution or defense of the other party's claims.

***Andrx Pharms., LLC v. GlaxoSmithKline, PLC***, 236 F.R.D. 583, 585 (S.D. Fla. 2006); **accord** ***Nellson N. Operating, Inc. v. Elan Nutrition***, LLC, 238 F.R.D. 544, 546 (D. Vt. 2006) (balancing the movant's interests against the disclosing party's interest in protecting confidential commercial information from disclosure to competitors) (**quoting** ***BASF Corp.***, 321 F. Supp. 2d at 1378).

"When a party seeks modification of a confidentiality order, they must 'come forward with a reason to modify the order.'" ***Arnold v. Pennsylvania, Dep't of Transp.***, 477 F.3d 105, 108 (3d Cir. 2007) (**quoting** ***Pansy v. Borough of Stroudsburg***, 23 F.3d 772, 790 (3d Cir. 1994)).  Some courts hold the burden is not easily met as there is a "stringent standard for modification, . . . a confidentiality order can only be modified if an extraordinary circumstance or compelling need warrants the requested modification."

4

*Pansy*, 23 F.3d at 789 (citing cases).  In contrast, other courts hold the movant to a more lenient standard by incorporating a balancing test. *Id.* at 789-90 (citing cases). The ***Pansy*** court identified a number of factors for the good cause balancing test used to issue or modify a protective order including: (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; and (3) the parties' reliance on the protective order. *Id.* at 787-89.

Regardless of the standard used, the court finds the defendants have met their burden of demonstrating legal and factual justification for modifying the existing protective order.  The defendants do not dispute the propriety of disclosing the information sought by the plaintiff and have presented a legitimate and proper purpose for use of a more restrictive designation for highly sensitive and commercially competitive information.  The defendants' interest is compelling and they have presented specific circumstances suggesting the information sought by the plaintiff is such that more restrictive dissemination is warranted.  Specifically, the defendants contend dissemination of the production sought, such as customer lists and detailed financial information, to the plaintiff creates a risk of commercial harm because the plaintiff intends to sell goods that are listed within the defendants' trademark applications.  **See** Filing No. 108 - Brief p. 3.

Furthermore, the plaintiff has shown no recognizable interest in preventing a more restrictive disclosure.  The plaintiff's attorneys may seek a less restrictive designation on a particularized basis after review of the information and a conference with the defendants' counsel.  The plaintiff's reliance on the original protective order does not change the nature of the sensitive information sought at this time.  Contrary to the plaintiff's argument, the timing of the defendants' motion to modify does not impact the analysis because the defendants do not seek to change a level of protection for a previously disclosed category of documents.  Accordingly, the defendants' motion to modify the protective order shall be granted.  The defendants' motion for a protective order under Rule 26(c) is moot in light of the court's ruling on the motion to modify and the parties' resolution of the interrogatory issue.  Upon consideration,

**IT IS ORDERED:**

1.      The defendants' Motion to Modify Protective Order (Filing No. 107) is granted.

2.      The defendants' Motion for Rule 26(c) Protective Order (Filing No. 110) is denied as moot.

3.      **On or before October 26, 2011**, the defendants shall submit a draft modified protective order, consistent with this order, to the court.

DATED this 19th day of October, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.