IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAYNEEDLE, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> J.C. PENNEY COMPANY, INC.; J.C. PENNEY CORPORATION, INC.; AND J.C. PENNEY PRIVATE BRANDS, INC., <br><br> DEFENDANTS. | 8:10CV436 <br><br> **MODIFIED PROTECTIVE ORDER** |

The parties agree that certain information subject to discovery in this action may contain trade secrets or other confidential, proprietary and/or commercially-sensitive information. In the interest of protecting that information and permitting discovery to proceed without the delay occasioned by disputes regarding such information, the parties agree to the protective provisions set forth below. In view of these stipulations, and good cause appearing, the Court enters this Modified Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and the Court's October 19, 2011, Order modifying the February 23, 2011, Protective Order.

**IT IS HEREBY ORDERED:**

**Scope and Definitions**

1.  This Protective Order applies to all information, documents, testimony and/or things subject to discovery in this action which contain non-public, confidential information and/or trade secrets designated as Protected Material pursuant to the terms of this Order; as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Materials").

2.  Protected Material may be designated by any Producing Party as:

(a)  "CONFIDENTIAL" if it contains non-public, commercially-sensitive information (e.g. unpublished advertising, web pages, signage, logos and the like).

(b)     "HIGHLY CONFIDENTIAL" if it (i) contains technical, financial and/or other business information (e.g. pricing, customer lists, business and/or marketing plans or analysis, license agreements and the like) the public disclosure of which would cause competitive harm to the Producing Party; (ii) is subject to an express obligation of confidentiality owed by the Producing Party to a third-party; (iii) contains personally identifiable information about an individual as described in NECivR 5.03(b)(1)-(5); or (iv) constitutes a trade secret under the laws of the State of Nebraska.

(c)     "ATTORNEYS EYES ONLY" if it contains technical financial, and/or other business information (e.g. pricing, customer lists, business and/or marketing plans or analysis, license agreements, and similar such documents) the disclosure to officers or employees of the Receiving Party would cause competitive harm to the Producing Party.

3.      For the purposes of this Protective Order, unpublished advertising, web pages, signage, logos and the like shall be considered "CONFIDENTIAL" and shall not be considered "HIGHLY CONFIDENTIAL".

4.      As used herein, "Producing Party" shall refer to any party to this action, or to any third-party (whether voluntarily or pursuant to subpoena), who discloses, testifies, produces or makes available for inspection any Protected Material.

5.      "Receiving Party" shall refer to any person who receives Protected Material from a Producing Party.

**Permitted Disclosure and Use of Protected Material**

6.      Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.  Protected Material shall be used solely for this litigation and any related appeals, and shall not be used for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function of any kind.

**Persons Who May Access Protected Material**

7. ***"Confidential" Material.*** Only the following individuals shall have access to materials designated "CONFIDENTIAL," absent the express written consent of the Producing Party or further court order:

(a) Persons authorized to receive "HIGHLY CONFIDENTIAL" material as specified in paragraphs 8(a)-(f) below;

(b) Up to four (4) corporate representatives of the Receiving Party who have complied with Paragraph 9; and

(c) Outside experts and consultants of the Receiving Party, who have complied with the procedures of Paragraph 9, and their support staff and clerical employees assisting in the litigation;

8. ***"Highly Confidential" Material.*** Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL" absent the express written consent of the Producing Party or further court order:

(a) Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in the litigation;

(b) Up to four (4) named officers of each Receiving Party (or its parent corporation) who hold a position of vice president or higher and have complied with Paragraph 9;

(c) Outside experts and consultants of the Receiving Party, who have complied with the procedures of Paragraph 10, and their support staff and clerical employees assisting in the litigation;

(d) The Court, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action;

(e) Professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A, and mock jurors hired by trial consultants but only in accordance with Paragraph 11 below; and

(f) While testifying at deposition, hearings, or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Protected Material pursuant to this sub-paragraph (f) shall not retain or be given copies of the Protected Material except while so testifying.

8A. ***"Attorneys Eyes Only" Material.*** Only the following individuals shall have access to materials designated "ATTORNEYS EYES ONLY" absent the express written consent of the Producing Party or further court order:

(a) All counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees assisting in the litigation;

(b) Outside experts and consultants of the Receiving Party, who have complied with the procedures of Paragraph 10, and their support staff and clerical employees assisting in the litigation;

(c) The Court, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action;

(d) Professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A; and

> While testifying at deposition, hearings, or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person

who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Protected Material pursuant to this sub-paragraph (e) shall not retain or be given copies of the Protected Material except while so testifying.

**Approval to Access to Protected Material**

9. ***Obligation to Read and Be Bound By Protective Order.*** Any in-house counsel, corporate representatives or named officers as identified pursuant to either Paragraph 7 or 8 of this Order, outside experts or consultants retained by the Receiving Party, or Professional Vendors authorized to access "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Protected Materials pursuant to Paragraphs 7 or 8 of this Order shall read this Protective Order and sign the "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order, which shall be retained by the signing party's outside counsel of record in this action.

10. ***Additional Obligations for Outside Experts or Consultants Accessing Highly Confidential Protected Materials.***

(a) Prior to disclosing "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide written notice to any party to this action that produced "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" Protected Material that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae; (iv) a list of current and past consulting relationships undertaken within the last four (4) years; and (v) a signed copy of the person's "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order.

(b) In the event that the Producing Party believes that the disclosure of "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" Protected Material to a proposed expert or consultant is likely to result in the further disclosure of such "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" Protected Material to a direct competitor of the Producing Party, then the Producing Party may object to such disclosure by providing written notice of such

objection to the Receiving Party within three (3) business days of receiving the information identified in Section 10(a) above. If an objection is made, the parties shall meet and confer within three (3) business days after the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the party objecting to the disclosure will have three (3) business days from the date of the meet and confer to seek relief from the Court.  The party objecting to the disclosure is required to seek expedited relief on its objection from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" Protected Materials shall not be disclosed to the expert or consultant until the objection is resolved by the Court.  The Producing Party shall bear the burden of demonstrating that the disclosure is likely to result in the further disclosure of such "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" Protected Material to a direct competitor of the Producing Party.

11. **Mock Jurors.**  Mock jurors hired by trial consultants in connection with this litigation may only be told about or shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Protected Materials provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they agree in writing to be bound by confidentiality; and (3) they are not themselves given custody of any Protected Materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

12. **Survey Respondents**.  Either party shall be entitled to disclose unpublished advertising, web pages, signage, logos and the like to survey respondents, regardless of whether the same has been marked as 'CONFIDENTIAL", provided that such survey respondents are not allowed to retain copies of such Protected Materials.

13. Each party or third-party that designates material for protection under this Order must take care to limit such designations only to material that the party believes in good faith meets the appropriate standards.

14. Designations of Protected Material shall be made in substantially the following manner:

(a)     *For documents or written discovery.*  The Producing Party may designate documents or written discovery responses by affixing the following legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on each page that contains Protected Material.  Documents made available for inspection need not be designated in advance and shall be treated as "HIGHLY CONFIDENTIAL" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

(b)     *For depositions or other testimony.*  Parties or third-parties providing testimony may designate depositions, or portions of depositions, as Protected Material by indicating the appropriate designation on the record before the close of the deposition, hearing or other proceeding, or by notifying the court reporter and all counsel in writing of the appropriate designation within ten (10) business days after receiving the transcript, during which ten (10) day period the deposition transcript shall be treated as HIGHLY CONFIDENTIAL.   The party making the designation shall make arrangements with the court reporter to label the relevant pages with the appropriate designation.  Video or DVD versions of the depositions will automatically have the same designation as the transcript.

(c)     *For tangible things and other information.*  A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored.  If the Receiving Party prints an item from an electronic medium, the Receiving Party must immediately mark any unmarked pages of the printed version with the designation of the media.  A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

15.     Inadvertent failure to designate documents, testimony or things as Protected Materials does not waive the Producing Party's right to secure the protections of this Modified Protective Order.  The Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with appropriate legends or otherwise designate the materials

as set forth above.  The Receiving Party shall not be held in violation of this Modified Protective Order for any otherwise permissible disclosures made before receipt of such notice.  Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the corrected designation, including seeking the retrieval or destruction of any copies distributed to unauthorized individuals; and destroy copies of documents that have been replaced with the proper designation.

16. At any time in these proceedings following the production or designation or material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY," a Receiving Party may challenge the propriety of such designation by providing the Producing Party written notice particularly identifying the documents or information that the receiving party contends should be differently designated.  The parties shall meet and confer in an attempt to resolve promptly and informally any such disputes.  If agreement cannot be reached, the Receiving Party may request in accordance with the Court's rules governing discovery disputes that the Court cancel or modify the designation.

17. Information does not qualify for protection under this Modified Protective Order and none of its provisions apply to material that: (a) is available to the general public at the time of its production, or becomes available to the general public after its production through no fault of the Receiving Party; (b) was independently obtained by the Receiving Party from a non-party having no obligation of confidentiality and the right to make such disclosure; or was previously produced, disclosed or provided by the Producing Party to the Receiving Party without an obligation of confidentiality.

**Inadvertent Production of Privileged Documents**

18. The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver.  Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent production and request return of the documents.  The Receiving Party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the Receiving Party from seeking to compel

production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents.

### Filing Under Restricted Access

19. The parties may file documents protected herein under Restricted Access with the Court only pursuant to the requirements of this Order and NECivR 5.0.3.

20. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" or which contain information so designated, shall be filed under restricted access, or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers labeled with the case caption, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as appropriate, and a statement in substantially the following form, or such other form as ordered by the Court or required by the Clerk of the Court:

> **This envelope contains confidential information filed in this case by [name of party] that is subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.**

### Use Of This Protective Order by Third-Parties

21. A third-party, not a party to this action, who produces documents, testimony or other information, including source code, voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Modified Protective Order as any party to this lawsuit.

22. A third-party's use of this Modified Protective Order does not entitle that third party access to any Protected Material produced by any party in this case.

### Additional Protection

23. This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this order are not applicable or are inadequate. Nothing herein shall be deemed to preclude any Producing Party from seeking such different or additional protection, including that certain matter not be produced at all.

**No Waiver**

24. Execution of this Modified Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Protected Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

**No Limitations on Party's Own Protected Materials**

25. Nothing in this Modified Protective Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Materials.

**Subpoena of Protected Material**

26. If any Receiving Party receives a subpoena or other legal process commanding the production of any Protected Material, that party shall assert this Protective Order in the first instance and promptly give written notice thereof to the Producing Party (or their counsel of record in this case), who shall have the burden of seeking a court order relieving the subpoenaed party of the obligations pursuant to the subpoena. The Receiving Party shall not produce any Protected Material without either an order of a court of competent jurisdiction or the express written consent of the Producing Party.

**Unauthorized Access**

27. Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further unauthorized access or dissemination.

**Disposition of Protected Materials**

28. Unless otherwise ordered or agreed, within sixty (60) days after the settlement or final termination of this action, each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material. Outside counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return

Protected Materials.  The Receiving Party shall submit a written certification by the sixty (60) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material.  Any such archival copies remain subject to the terms of this Modified Protective Order.

### Survival of Order

29.    The terms of this Modified Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

### Binding Effect

30.    This Modified Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

### Effective as a Stipulation

31.    This Modified Protective Order shall become effective as a stipulation between the parties immediately upon its execution, notwithstanding the pendency of approval by the Court, and the parties shall treat any Protected Materials produced before Court approval as provided herein.

DATED this 27th day of October, 2011.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAYNEEDLE, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> J.C. PENNEY COMPANY, INC.; J.C. PENNEY CORPORATION, INC.; J.C. PENNEY PRIVATE BRANDS, INC., <br><br> DEFENDANTS. | Civil Action No. 8:10CV436 |

**ACKOWLEDGEMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

    I, _____ [print or type full name], have been provided a copy and read the Modified Protective Order in the above-captioned case and agree to be bound by its terms.  I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of this Modified Protective Order.  I agree that I will not use or disclose any such Protected Material except in strict compliance with the provision of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control.  At the final conclusion of the case, I will return or destroy, as directed, any Protected Materials received and any notes or other documents reflecting such materials.

    I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Modified Protective Order in this case and waive any objections to jurisdiction or venue.  I understand that failure to comply with this Order could result in sanctions or other consequences.

    I make the above statements under penalty of perjury.

Dated: _____

                                                                Printed Name: _____

Company Name/Address/Phone: _____

                                                                _____

                                                                _____